**JS-6**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVORA BATRES MORENO; et al. | No. ED CV 20-1136-DOC (JDEx) |
| Petitioners, | |
| v. | ORDER CONSOLIDATING CASES |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY; et al., | Honorable David O. Carter<br>United States District Judge |
| Respondents. | |

1  Having reviewed the parties' Joint Report regarding Consolidation, ECF No. 13,
2  as well as the pleading and other records on file in both this case and *Moran, et al. v.*
3  *United States Department of Homeland Security, et al.*, 5:20-cv-00696-DOC (JDEx), the
4  Court rules as follows:

5  Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve
6  a common question of law or fact, the court may: (1) join for hearing or trial any or all
7  matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to
8  avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "[C]onsolidation is permitted as
9  a matter of convenience and economy in administration, but does not merge the suits into
10 a single cause, or change the rights of the parties, or make those who are parties in one
11 suit parties in another." *Enter. Bank v. Saettelle*, 21 F.3d 233, 235 (8th Cir. 1994)
12 (quotations omitted).

13 Whether two proceedings involve a common party and common issues of fact or
14 law is a "threshold issue." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys.*
15 *Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989). Yet "[t]he mere existence of common
16 issues . . . does not require consolidation." *Waste Distillation Tech., Inc. v. Pan Am. Res.,*
17 *Inc.*, 775 F. Supp. 759, 761 (D. Del. 1991). Rather, each case "must be evaluated on its
18 own facts with close attention to whether the anticipated benefits of a consolidated
19 complaint outweigh potential prejudice to the parties." *Katz v. Realty Equities Corp. of*
20 *N.Y.*, 521 F.2d 1354, 1360 (2d Cir. 1975).

21 "To determine whether to consolidate, a court weighs the interest of judicial
22 convenience against the potential for delay, confusion and prejudice caused by
23 consolidation." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807
24 (N.D. Cal. 1989). In deciding whether to consolidate, a court should consider: (1) the
25 risk of delaying trial, *St. Bernard Gen. Hospital, Inc. v. Hospital Service Association of*
26 *New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir. 1983); (2) the risk of prejudice and
27 confusion, *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 1008 (2d Cir.
28

1995); and (3) the potential burden on the parties, witnesses, and available judicial resources. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

Based on the Court's review of the Moreno and *Moran* actions, it is apparent that the action shares issues of fact and law. Consolidating the matters would be in the interest of judicial economy as it would allow the Court to resolve the common issues without requiring duplicative briefing. Moreover, the risks posed by consolidation are minimal. Because trial has not been set in either matter, there is no risk that consolidation would cause an unnecessary delay. Additionally, it does not appear that consolidation presents any risk of prejudice or confusion. Finally, consolidation would likely lessen the burden on the parties and judicial resources.

Accordingly, the *Moreno* action be consolidation with the *Moran* action for resolution of all matters at issue in the actions pursuant to Federal Rule of Civil Procedure 42(a). All future filings shall be filed only under case number ED CV 20-00696.

Date: **June 16, 2020**

_____
Honorable David O. Carter
United States District Judge

Presented by:

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

  /s/ Timothy D. Biché
TIMOTHY D. BICHÉ
Assistant United States Attorney

Attorneys for Respondents